By the Court.—Sedgwick, Ch. J.
The parties had made an agreement by which the defendant was to furnish to plaintiff, from time to time, fertilizers, and the plaintiff was to sell them. From the proceeds, the defendant was to be reimbursed the cost of the fertilizers, then expenses were to be deducted, and profits were to be equally divided. The terms of the agreement are not in doubt, when the findings of the court are read, in connection with the testimony and the defendant’s answer. The defendant, however, claims that the plaintiff acted only as an agent of defendant, and that, therefore, the defendant was entitled to the possession of the books of account kept of the business, the papers connected with it, and Avhat are called the vouchers. The case was tried, on both sides, in such an indefinite and uncertain Avay that it is not possible to particularize these books, papers and A'ouchers, or Avhat is called in the case the assets of the business. The learned counsel for appellant does not deny that there should be an account adjudged to be made between the parties in the way directed by the judge below, but confines himself to the position that,as there Avas not a partnership, there can be no receiver. This is not an inevitable consequence. If, as was the case, the plaintiff had an interest in the profits as such, under an arrangement by which he was to make collections and receive primarily the profits, and then divide them equally, there would be sufficient cause for the appointment of a receiver of the documents of the business that would be necessary to the winding up of the business. The doubt would be whether, under the agreement, even if an account Avere directed in an *364 action, the plaintiff would not be entitled to the sole possession of the documents so long as he was faithfully winding up the business. The propriety of the appointment of a receiver in such a case, and its validity, can be said to have been admitted by the defendant, for he avers in his answer that, in an action begun by him in the Supreme Court against the plaintiff here in relation to the same agreement and its consequences, he made a motion which the court granted; and that on it an order was entered “ appointing a receiver to take charge of and hold, until the determination of said action, the notes, moneys, books of account and other property in plaintiff’s possession as general agent as aforesaid.” In this case, if a temporary receiver was proper, so would be a permanent receiver. If the one side was entitled to secure the appointment of a receiver, so was the other-side.
The description of the property which the receiver is to take under the present judgment, is so general that , it may be foreseen that there will be a further dispute as to what identical things the parties are bound to deliver to the receiver: The plaintiff should have
made sufficient provision as to this. This however furnishes no reason for sustaining the appeal of the defendant.
The judgment is affirmed with costs.
As to the motion to dismiss the appeal, it must be said that the defendant did not waive his right to appeal from the judgment appointing a receiver by proceeding to the accounting ordered by that judgment. These parts of the judgment are divisible. An accounting might be proper although no receiver was appointed.
The motion to dismiss is denied with $10 costs.
Truax and Dugro, JX, concurred.